UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ARNE SVERRE RODLEY,<br><br>        Petitioner,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | CASE NO.   C05-1159MJP-MJB<br>                (CR98-41MJP)<br><br>REPORT AND RECOMMENDATION |

## INTRODUCTION

Petitioner is a federal prisoner who is currently confined at the Federal Correctional Institution at Safford, Arizona. Petitioner has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his federal court sentence. The government has filed a response in which it opposes petitioner's motion. Following a careful review of the record, this Court concludes that petitioner's § 2255 motion should be denied.

## PROCEDURAL HISTORY

On April 3, 1998, petitioner was convicted, following a jury trial, on one count of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) (Count I), one count of using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)

REPORT AND RECOMMENDATION
PAGE 1

(Count II), and one count of bank robbery in violation of 18 U.S.C. § 2113(a) (Count III). (CR98-41MJP, Dkt. Nos. 106 and 109.)

Prior to petitioner's sentencing, the United States Probation Office ("USPO") prepared a presentence report for the Court. (*See* Dkt. No. 7.) The USPO therein calculated a combined adjusted offense level of 24 for the two bank robbery counts (Counts I and III), and a criminal history category of one. (*Id*., at 8-9.) In calculating petitioner's adjusted offense level, the USPO began with the base offense level of 20, the base offense level applicable to robbery offenses under § 2B3.1 of the United States Sentencing Guidelines. (*Id*.) Pursuant to § 2B3.1(b)(1), two levels were then added to the base offense level because property of a financial institution was taken. (*Id*.) Finally, two more levels were added, in accordance with § 3D1.4 of the United States Sentencing Guidelines, because petitioner was convicted of multiple counts of robbery. (*Id*.) This combined adjusted offense level of 24 resulted in a guideline range of 51 to 63 months for the robbery offenses. (*Id*. at 14.) The firearms count (Count II) carried a mandatory 60 month consecutive sentence. (*Id*.)

On September 28, 1998, petitioner appeared before the Honorable William L. Dwyer, United States District Judge, for sentencing. (*See* CR98-41MJP, Dkt. No. 180.) Judge Dwyer apparently adopted the guideline calculation of the USPO and sentenced petitioner to a term of 51 months for the bank robbery convictions, and to a consecutive term of 60 months for the firearms conviction. (*See id*., Dkt. Nos. 177, 178 and 180.)

Petitioner appealed his convictions to the Ninth Circuit Court of Appeals. *See United States v. Rodley*, 215 F.3d 1335 (9th Cir. 2000). On March 30, 2000, the Ninth Circuit issued an unpublished opinion affirming petitioner's convictions. *Id*. On June 24, 2005, petitioner filed the instant motion for relief under § 2255. The government filed a timely response to petitioner's motion on September 14, 2005, and petitioner filed a reply brief in support of his motion on October 6, 2005.

REPORT AND RECOMMENDATION
PAGE 2

DISCUSSION

Petitioner asserts in his § 2255 motion, and supporting memorandum, that his Sixth Amendment right to confront witnesses against him was violated when records of the Federal Deposit Insurance Corporation were admitted into evidence at his trial. Petitioner relies upon the United States Supreme Court's decision in *Crawford v. Washington*, 541 U.S. 36 (2004), to support this claim. Petitioner also asserts that his Sixth Amendment right to trial by jury was violated when he received upward adjustments to his offense level based upon facts which were not submitted to a jury or proven beyond a reasonable doubt. Petitioner relies upon the United States Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005), to support his second claim.

In its response to petitioner's § 2255 motion, the government argues that petitioner's *Crawford* claim is time-barred. The government further argues that petitioner's *Booker* claim is barred by *Teague v. Lane*, 489 U.S. 288 (1989), because the Supreme Court's ruling in *Booker* is not retroactive. Petitioner, in his reply brief, concedes that his *Crawford* claim is time-barred because he failed to raise that claim within one year of the date that the *Crawford* decision was issued by the United States Supreme Court. Petitioner argues, however, that the rule announced by the Supreme Court in *Booker* is retroactive and that his *Booker* claim is therefore meritorious.

Given petitioner's concession that his *Crawford* claim is time-barred, the Court need not address that claim further. The Court therefore turns directly to petitioner's claim that he is entitled to relief under *Booker*.

Resolution of petitioner's *Booker* claim turns on whether the Supreme Court's decision in *Booker* announced a new rule and, if so, whether that new rule applies retroactively to cases on collateral review. The Supreme Court has been silent as to whether *Booker* applies retroactively. However, the Ninth Circuit – and all other circuit courts that have considered the question – has held that *Booker* did announce a new rule, that the rule does not meet any of the *Teague* exceptions, and that the rule therefore does not operate retroactively. *See United States v. Cruz*,

REPORT AND RECOMMENDATION
PAGE 3

1 | 423 F.3d 1119 (9th Cir. 2005). It is undisputed that petitioner's conviction became final prior to
2 | the date *Booker* was decided. As the Ninth Circuit has now made clear that *Booker* does not
3 | apply retroactively to cases on collateral review, petitioner's § 2255 motion must fail.

## CONCLUSION

For the foregoing reasons, petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, should be denied. A proposed order is attached to this Report and Recommendation.

DATED this 9th day of January, 2006.

*/s/ M. J. Benton*
MONICA J. BENTON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE 4